UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION - BAY CITY

IN RE:

EUGENE NEWMAN  
and DEBRA NEWMAN,  
    Debtors.  
_____/

Case No. 11-23916-dob  
Chapter 13 Proceeding  
Hon. Daniel S. Opperman

OPINION REGARDING NOTICE OF MORTGAGE PAYMENT CHANGE
OF DITECH FINANCIAL LLC F/K/A GREEN TREE SERVICING LLC

Ditech Financial, LLC ("Ditech") filed a Notice of Mortgage Payment Change on April 6, 2017, and the United States Trustee filed an Objection to this Notice because it was inconsistent with a permanent loan modification agreement as suggested in pleadings filed with the Court. Because there are no proofs that a permanent loan modification agreement was completed, the Court overrules the Objection of the United States Trustee.

Findings of Fact

The Debtors filed their Chapter 13 petition with this Court on December 23, 2011, and their Chapter 13 Plan was confirmed on June 21, 2012. Ditech's predecessor in interest, CitiMortgage filed a Proof of Claim on March 27, 2012, indicating that it was owed $268,972.61 and that the Debtors had an arrearage of $47,273.05. The post-petition payment amount was $1,855.62 and increased as of February 1, 2012, to $1,969.41. To date, no party has objected to the Proof of Claim of CitiMortgage. This claim was transferred to Ditech by way of a Transfer of Claim filed with this Court.[1]

---

[1] As mentioned by Ditech's counsel at the July 27, 2017, hearing, this claim was transferred to New Penn Financial, LLC and the Transfer of Claim form evidencing that transfer was filed on August 1, 2017.

1

As is common in protracted Chapter 13 proceedings, the Debtors saw the need to have their mortgage modified to make their payments more affordable. As a result of their efforts, CitiMortgage offered a trial modification with the goal of a permanent loan modification. To accomplish this, the Debtors filed an Ex-Parte Stipulation and Order for Loan Modification with CitiMortgage and for a Chapter 13 Trustee to Make Payments on June 26, 2015 ("Stipulation"). Per the Stipulation between the Debtors and the Trustee, the Trustee was to make three trial payments of $1,213.69 on July 1, August 1, and September 1, 2015. The Court signed an Order and then a corrected Order on June 29 and June 30, 2015, respectively, approving this Stipulation. Both Orders contained the following language:

> . . .
>
> Proposed Modified Trial Payment:   3 Trial Payments in the amount of $1213.69
>
> First Trial Payment Due:                7/1/2015
>
> . . .
>
> Trial payment due 7/1/15
>
> . . .
>
> Trial payment due 8/1/15
>
> . . .
>
> Trial payment due 9/1/15
>
> . . .
>
> **IT IS ORDERED** that the Chapter 13 Trustee is authorized to continue payments to the Creditor in the amount of the Trial Payment consistent with the terms provided in the attached Loan Modification Agreement (See EXHIBIT A) until further order of the court. In the event the final modification is denied or the terms altered, the creditor's right to object to the amount of its continuing monthly payment is preserved.

**IT IS ORDERED** that within 28 days of the last payment under the trial modification, the debtor must advise the Chapter 13 Trustee whether the modification was made permanent continued or denied and provide proof of the terms of the implementation or denial of a final modification.

**IT IS ORDERED** that if the Loan Modification is made permanent, the creditor is to either file amendments to the creditor's claim to reflect the proposed changes to the mortgage payment and treatment of the pre-petition arrearages claim or if the creditor does not file the amendments, the debtor shall a modification [sic] of the plan addressing the modifications of the claim consistent with the terms of the final loan modification.

**IT IS ORDERED** that within 7 days of the entry of this order, debtor's counsel shall serve a copy of the order on the Mortgage Creditor and their attorney of record. Service on the Mortgage Creditor shall be by mail to the payment address listed above, at the address listed for notice in the Creditor's Proof of Claim and any other address where the creditor has specifically requested notice.

The document from CitiMortgage that was attached to the Motion contained important additional information:

. . .

Proposed Modification Terms

If you successfully complete the Trial Period Plan by making the required payments, you will receive a modification with a fixed term of 40 years from the date the modification is effective.

To Accept This Offer

We must receive the First Trial Period Plan payment by the first payment date designated below. If we do not receive the first Trial Period Plan payment by the first payment date and we do not receive the Trial Period Plan payment by the last day of the month in which it is due, this offer will be revoked.
Trial Period Plan Payments

To successfully complete the Trial Period Plan, you must make the Trial Period Plan payments below:

        First Payment:        $1,213.69 by 7/1/15
        Second Payment:   $1,213.69 by 8/1/15
        Third Payment:      $1,213.69 by 9/1/15

. . .
After all trial period payments are timely made and all requirements are met, your

attorney will receive a modification agreement on your behalf. The agreement will require your signature and notarization. In addition, you will be required to obtain court approval or court notification fully docketed before the modified terms can go into effect. Once court approval and/or notification have been docketed, your mortgage will be permanently modified. (The existing loan and loan requirements remain in effect and unchanged during the trial period.) If each payment is not received by CitiMortgage, Inc. in the month in which it is due, you will no longer be eligible for a loan modification and the loan will not be modified. If the last trial period payment is made in the last half of the month it is due, we may elect to extend the Trial Period Plan by an extra month.

Next Steps

. . .

• Once you have successfully made each of the payments above by their due dates, you have submitted the required signed copies of your modification agreement, and you otherwise remain eligible for the modification, and we have signed the modification agreement, your mortgage will be permanently modified in accordance with the terms of your modification agreement.

This document also contained the following frequently asked question:

Q. When will I know if my loan can be modified permanently and how will the modified loan balance be determined?

Once you make all of your Trial Period Plan payments on time and return to us the required copies of a modification agreement with your signature, we will sign one copy and send it back to you so that you will have a fully executed modification agreement detailing the terms of the modified loan. Any difference between the amount of the Trial Period Plan payments and your regular mortgage payments will be added to the balance of your loan along with any other past due amounts as permitted by your loan documents. While this will increase the total amount that you owe, it should not significantly change the amount of your modified mortgage payment.

IMPORTANT: Because of your bankruptcy case, you must obtain court approval of this loan modification before CitiMortgage will consider this a permanent modification of your loan. Please contact your attorney with any questions or concerns.

CitiMortgage's offer afforded the Debtors an opportunity to receive the financial relief they desperately needed. Instead of waiting until the three month trial period was completed, however, the Debtors immediately filed a Proposed Post-Confirmation Plan Modification reducing their plan

4

payment to $1,750.00 per month and reducing their monthly mortgage payment to $1,213.69 per month. The Debtors' Proposed Post-Confirmation Plan Modification was approved by this Court on August 7, 2015, but required that the Debtors make payments of $1,950.00 per month.

Thereafter, the Debtors' Chapter 13 proceeding appears routine for cases similarly situated in this district. On April 6, 2017, however, Ditech filed a Notice of Transfer of Claim and a Notice of Mortgage Payment Change increasing the payment amount from $1,864.55 to $1,887.36. The United States Trustee objects to this Notice, arguing that the June 30, 2015, corrected Order evidences a loan modification and that Ditech's Notice violates that loan modification. Ditech responded to the United States Trustee's Objection and does concede that the escrow difference reported in its Notice was incorrect in the amount of $32.20 per month for an aggregate of $386.40 for the period of May 2016 to April 2017. Ditech will adjust the escrow account by this amount and likewise communicate that information to New Penn Financial. Ditech disputes that there was ever a final, permanent loan modification agreement. Neither the Debtors, Ditech, CitiMortgage, or the United States Trustee can produce a copy of a final, permanent loan modification agreement.

The Court heard oral argument regarding Ditech's Notice and the United States Trustee's Objection on July 27, 2017, and took this matter under advisement. The Court makes these findings of fact based upon the pleadings filed in this Chapter 13 proceeding and upon statements and arguments made by counsel at the July 27, 2017, hearing.

## Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157, 28 U.S.C. § 1334, and E.D. Mich. LR 83.50. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate) and (B) (allowance or disallowance of claims against the estate).

## Analysis

CitiMortgage's Proof of Claim is deemed valid unless a party objects to that claim. Fed. R. Bankr. P. 3001(f)[2]. To date, no party has objected to this Proof of Claim, so for the purposes of this Opinion, the CitiMortgage Proof of Claim, as assigned to Ditech and subsequently assigned to New Penn Financial, is valid.

CitiMortgage offered the Debtors a trial modification with the possibility of a final, permanent loan modification being made once the Debtors completed their trial modification payments. Afterwards, as evidenced by the CitiMortgage document, a modification agreement was to be prepared and signed by the Debtors. Also, after the trial payments were made, the Debtors were required to obtain Court approval or otherwise notify the Court of the modified terms. Moreover, CitiMortgage was to receive copies of the signed modification agreement.

In this case, these subsequent actions did not occur. While the Debtors have faithfully made payments of $1,950.00 per month to the Trustee, there was no subsequent approval by this Court of the final mortgage modification. It is true that the Debtors modified their Plan immediately after the June 30, 2015, corrected Order, but this modification occurred before, and not after, the three trial payments were made to CitiMortgage. There is also no evidence before the Court that CitiMortgage provided a mortgage modification agreement, that the Debtors signed such an agreement, or that any other action occurred that finalized the trial modification offered by CitiMortgage.

The United States Trustee argues that the Debtors will not receive their fresh start as contemplated by the Bankruptcy Code. This may be true, but there is no evidence before the Court at this time that such a final, permanent loan modification agreement even exists. In this case, the

---

[2] Federal Rule of Bankruptcy Procedure 3001(f) states:

(f) Evidentiary Effect. A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim.

Debtors did not follow up on the requirements imposed upon them by CitiMortgage. It is particularly noteworthy that the Debtors, who would be in the best position to produce a signed final, permanent loan modification agreement with the greatest incentive to do so, did not attend the July 27, 2017, hearing or assist the United States Trustee in his efforts to contest the Notice. Absent the final, permanent loan modification agreement, the Court is left with the valid Proof of Claim of CitiMortgage, the April 2017 Notice, and Ditech's concession that the escrow must be adjusted by $386.40.

Accordingly, the Court sustains in part and overrules in part the Objection of the United States Trustee. The Notice will remain in place, but Ditech, and its successor, New Penn Financial, are instructed to adjust and, if need be, credit the amount of $386.40 to the Debtors' escrow account.

Counsel for Ditech is directed to prepare an order consistent with this Opinion and the entry of order procedures of this Court.

**Signed on August 18, 2017**



/s/ Daniel S. Opperman
**Daniel S. Opperman**
**United States Bankruptcy Judge**